UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YUKIO KUSADA,<br>    Plaintiff<br><br>v.<br><br>BERKSHIRE EAST SKI RESORT,<br>UNION TERMINAL PIERS, INC. and<br>NORTHFIELD MOUNT HERMON<br>SCHOOL,<br>    Defendants | Docket No. 05-30043-MAP |

## ANSWER OF DEFENDANTS BERKSHIRE EAST SKI RESORT and UNION TERMINAL PIERS, INC.

Now come defendants Berkshire East Ski Resort and Union Terminal Piers, Inc. and for answer to the complaint say:

1. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 1 of the complaint.

2. That they deny the averments set forth in Paragraph 2 of the complaint.

3. That they admit the averments set forth in Paragraph 3 of the complaint.

4. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 4 of the complaint.

5. That it admits the averments set forth in Paragraph 5 of the complaint.

6. That they deny the averments set forth in Paragraph 6 of the complaint.

7. That they admit that on or about February 20, 2004, defendant Union Terminal Piers, Inc. owned, operated and/or maintained the premises; however, they deny the remaining averments set forth in Paragraph 7 of the complaint.

8. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 8 of the complaint.

9. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 9 of the complaint.

10. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 10 of the complaint.

11. That they admit that on or about February 20, 2004, the plaintiff, Yukio Kusada, was skiing on the premises but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 11 of the complaint.

12. That they deny the averments set forth in Paragraph 12 of the complaint.

13. That they deny the averments set forth in Paragraph 13 of the complaint.

14. That they deny the averments set forth in Paragraph 14 of the complaint.

15. That they deny the averments set forth in Paragraph 15 of the complaint.

16. That they deny the averments set forth in Paragraph 16 of the complaint.

17. That they deny the averments set forth in Paragraph 17 of the complaint.

18. That they need not respond to the averments set forth in Paragraph 18 of the complaint since there are no claims therein asserted against them.

19. That they deny the averments set forth in Paragraph 19 of the complaint.

20. That they need not respond to the averments set forth in Paragraph 20 of the complaint.

## AFFIRMATIVE DEFENSES

21. That if the plaintiff, Yukio Kusada, was injured or damaged as alleged, such injury or damage was caused in whole or in part by the negligence of said plaintiff, which negligence was greater than the negligence of the defendants, if any, which did contribute to such injury.

22. That if the plaintiff, Yukio Kusada, was injured or damaged as alleged, such injury or damage was caused in part by the negligence of said plaintiff and that the damages which said plaintiff may recover herein must be reduced in accordance with the law.

23. That the complaint fails to state a claim against the defendants upon which relief can be granted and thus must be dismissed.

24. That any injury or damage sustained by the plaintiff arose out of the risks inherent in the sport of skiing and thus the defendants herein are not liable therefore.

25. That if the plaintiff was injured or damaged as alleged, such injuries or damages arose out of risks which were assumed by the plaintiff and thus he cannot recover herein.

26. That the defendants have complied and conformed with the provisions of General Law c. 143, and all rules and regulations promulgated thereunder and thus it is not liable for any injuries or damages sustained by the plaintiff.

27. That the plaintiff, Yukio Kusada, failed to comply and conform with the provisions and requirements of General Law c. 143, and thus cannot recover herein.

28. That the plaintiff, Yukio Kusada, had a duty to maintain control of his speed and course at all times and had a duty to avoid collision with any object and thus the defendants herein are not responsible for the injuries as alleged in the complaint.

29. That this action was not commenced within the time required by the laws made and provided therefore.

DEFENDANTS BERKSHIRE EAST SKI RESORT AND UNION TERMINAL PIERS, INC. DEMAND A TRIAL BY JURY.

Dated: March 4, 2005

DEFENDANTS BERKSHIRE EAST SKI
RESORT and UNION TERMINAL PIERS,
INC.

By their attorneys,

*/s/ David B. Mongue*
David B. Mongue
BBO No. 351780

For Donovan & O'Connor, LLP
1330 Mass MoCA Way
North Adams, MA 01247
Tel.: (413) 663-3200
Fax: (413) 663-7970

## CERTIFICATE OF SERVICE

I, David B. Mongue, hereby certify that on March 4, 2005, I have caused the foregoing document to be served on the parties to this matter by mailing a true copy, postage prepaid, to Ronald E. Gluck, Esq., Breakstone, White-Lief & Gluck, P.C., Two Center Plaza, Suite 530, Boston, MA 02108-1906.

*/s/ David B. Mongue*
David B. Mongue

DBM:MGR