UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YUKIO KUSADA,<br><br>               Plaintiff,<br><br>v.<br><br>BERKSHIRE EAST SKI RESORT<br>UNION TERMINAL PIERS, INC. and<br>NORTHFIELD MOUNT HERMON<br>SCHOOL,<br><br>               Defendants. | Civil Action No.  05-30043-MAP |

## ANSWER OF NORTHFIELD MOUNT HERMON SCHOOL

### FIRST DEFENSE

Defendant, Northfield Mount Hermon School, answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.  It is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the complaint and, therefore, denies the same, except that it admits that Yukio Kusada was a student at Northfield Mount Hermon School where he resided during the school year.

2.  It has insufficient information to form a belief as to the truth of the allegations in Paragraph 2 of the complaint and, therefore, denies the same.

3.  It has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 3 of the complaint and, therefore, denies the same.

4.  It admits the allegations in Paragraph 4 of the complaint.

- 2 -

5.  It admits the allegations in Paragraph 5 of the compliant.

6.  It has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the complaint and, therefore, denies the same.

7.  It has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 7 of the complaint and, therefore, denies the same.

8.  It admits that on February 20, 2004, Yukio Kusada participated in a recreational ski program offered by Northfield Mount Hermon School, but it denies the remaining allegations in Paragraph 8 of the complaint.

9.  It admits the allegations in Paragraph 9 of the complaint.

10. It admits that Yukio Kusada particpated in a recreational ski program offered by Northfield Mount Hermon School on February 20, 2004 at Berkshire East Ski Resort and was a lawful visitor at Berkshire East Ski Resort but it denies the remaining allegations in Paragraph 10 of the complaint.

11. It admits that on February 20, 2004, the plaintiff, Yukio Kusada, was skiing on the premises of Berkshire East Ski Resort and was injured but it has insufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the complaint and, therefore, denies the same.

12. It has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the complaint and, therefore, denies the same.

13. It has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the complaint and, therefore, denies the same.

14. It denies the allegations set forth in Paragraph 14 of the complaint.

15. It denies the allegations set forth in Paragraph 15 of the complaint.

16. The allegations in Paragraph 16 of the complaint are not directed at Northfield Mount Hermon School and, therefore, no response is required.

17. The allegations in Paragraph 17 of the complaint are not directed at Northfield Mount Hermon School and, therefore, no response is required.

18. It denies the allegations in Paragraph 18 of the complaint.

19. It denies each and every allegation which is not specifically admitted above.

## SECOND DEFENSE

20. Plaintiff, Yukio Kusada, released Northfield Mount Hermon School from any and all claims for liability arising out of his participation in the recreational ski program.

## THIRD DEFENSE

21. Plaintiff, Yukio Kusada, agreed to indemnify Northfield Mount Hermon School for any injuries sustained, damage caused or claims made as a result of the participation of Yukio Kusada in the recreational ski program at Northfield Mount Hermon School.

## FOURTH DEFENSE

22.     Northfield Mount Hermon School's liability to plaintiff, Yukio Kusada, if any, is limited to $20,000.00 pursuant to G.L. c. 231, § 85K.

## FIFTH DEFENSE

23.     If the plaintiff, Yukio Kusada, was injured or damaged as alleged, the injury or damage was caused in whole or in part by the negligence by Yukio Kusada, which negligence was greater than the negligence of Northfield Mount Hermon School, if any, which contributed to such injury.

## SIXTH DEFENSE

24.     If plaintiff, Yukio Kusada, was injured or damaged as alleged, such injury or damage was caused in part by the negligence of Yukio Kusada and the damages which Yukio Kusada may recover herein must be reduced in accordance with the law.

## SEVENTH DEFENSE

25.     Any injury or damage sustained by Yukio Kusada arose out of the risks inherent with the sport of skiing and thus Northfield Mount Hermon School is not liable for Yukio Kusada's injuries.

## EIGHTH DEFENSE

26.     If plaintiff, Yukio Kusada, was injured or damaged as alleged, such injuries or damage arose out of risks which were assumed by Yukio Kusada and thus cannot be recovered herein.

## NINTH DEFENSE

27. The plaintiff, Yukio Kusada, failed to comply and conform to the provisions and requirements of General Laws ch. 143, and thus cannot recover herein.

## TENTH DEFENSE

28. The plaintiff, Yukio Kusada, had a duty to maintain control of his speed and course at all times and had a duty to avoid collision with any object and thus, Northfield Mount Hermon School is not responsible for the injuries as alleged in the complaint.

## ELEVENTH DEFENSE

29. The plaintiff, Yukio Kusada, assumed responsibility for his own equipment and therefore Northfield Mount Hermon School has no liability for injuries sustained as a consequence of inadequate or defective equipment.

## RELIEF REQUESTED

WHEREFORE, defendant, Northfield Mount Hermon School, requests that the complaint be dismissed with prejudice and that it be awarded its costs and attorneys fees in defense of this action.

NORTHFIELD MOUNT HERMON SCHOOL
By its Attorneys,
HOLLAND & KNIGHT LLP

_____/s/_____
Harold W. Potter, Jr. (BBO #404240)
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

## JURY DEMAND

The plaintiff demands a trial by jury in this action.

NORTHFIELD MOUNT HERMON SCHOOL

By its Attorneys,

HOLLAND & KNIGHT LLP

_____/s/_____
Harold W. Potter, Jr. (BBO #404240)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: March 22, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by Hand Delivery to Ronald E. Gluck, Esq., Breakstone, White-Lief & Gluck, P.C., Two Center Plaza, Suite 530, Boston, MA 02108 and by first class mail to David B. Mongue, Esq., Donovan & O'Connor, LLP, 1330 Mass MoCA Way, North Adams, MA 01247 this 22nd day of March, 2005.

_____/s/_____
Harold W. Potter, Jr.
