UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YUKIO KUSADA,<br><br>        Plaintiff,<br><br>v.<br><br>BERKSHIRE EAST SKI RESORT, UNION TERMINAL PIERS, INC., NORTHFIELD MOUNT HERMON SCHOOL, FRANCIS MILLARD and MICHAEL ATKINS,<br><br>        Defendants.<br><br>v.<br><br>TAKERU KUSADA,<br><br>        Third Party Defendant. | Civil Action No. 05-30043-MAP |

ANSWER OF MICHAEL ATKINS
TO FIRST AMENDED COMPLAINT

FIRST DEFENSE

Defendant, Michael Atkins, ("Atkins") answers the numbered paragraphs of Plaintiff's First Amended First Amended Complaint as follows:

1.    Atkins is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the First Amended First Amended Complaint and, therefore, denies the same, except that Atkins admits that Yukio Kusada was a student at Northfield Mount Hermon School where he resided during the school year.

2. Atkins has insufficient information to form a belief as to the truth of the allegations in Paragraph 2 of the First Amended Complaint and, therefore, denies the same.

3. Atkins has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 3 of the First Amended Complaint and, therefore, denies the same.

4. Atkins admits the allegations in Paragraph 4 of the First Amended Complaint.

5. Atkins denies the allegations in Paragraph 5 of the First Amended Complaint.

6. Atkins admits the allegations in Paragraph 6 of the First Amended Complaint.

7. Atkins admits the allegations in Paragraph 7 of the First Amended Complaint.

8. Atkins has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 8 of the First Amended Complaint and, therefore, denies the same.

9. Atkins has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 9 of the First Amended Complaint and, therefore, denies the same.

10. Atkins admits that on February 20, 2004, Yukio Kusada participated in a recreational ski program offered by Northfield Mount Hermon School, but he denies the remaining allegations in Paragraph 10 of the First Amended Complaint.

11. Atkins admits the allegations in Paragraph 11 of the First Amended Complaint.

12. Atkins denies the allegations in Paragraph 12 of the First Amended Complaint.

13. Atkins admits the allegations in Paragraph 13 of the First Amended Complaint.

14. Atkins admits that Yukio Kusada participated in a recreational ski program offered by Northfield Mount Hermon School on February 20, 2004 at Berkshire East Ski Resort and was a lawful visitor at Berkshire East Ski Resort but he denies the remaining allegations in Paragraph 14 of the First Amended Complaint.

15. Atkins admits that on February 20, 2004, the plaintiff, Yukio Kusada, was skiing on the premises of Berkshire East Ski Resort and was injured but Atkins has insufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of the First Amended Complaint and, therefore, denies the same.

16. Atkins admits that plaintiff, Yukio Kusada was participating in the recreational ski program on or about February 20, 2004 at Berkshire East but he denies the remaining allegations in Paragraph 16 of the First Amended Complaint.

17. Atkins has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the First Amended Complaint and, therefore, denies the same.

18. Atkins has insufficient information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the First Amended Complaint and, therefore, denies the same.

19. Atkins denies the allegations set forth in Paragraph 19 of the First Amended Complaint.

20. Atkins denies the allegations set forth in Paragraph 20 of the First Amended Complaint.

21. Atkins denies the allegations set forth in Paragraph 21 of the First Amended Complaint.

22. Atkins denies the allegations set forth in Paragraph 22 of the First Amended Complaint.

23. The allegations in Paragraph 23 of the First Amended Complaint are not directed at Atkins and, therefore, no response is required.

24. The allegations in Paragraph 24 of the First Amended Complaint are not directed at Atkins and, therefore, no response is required.

25. The allegations in Paragraph 25 of the First Amended Complaint are not directed at Atkins and, therefore, no response is required.

26. Atkins denies the allegations set forth in Paragraph 26 of the First Amended Complaint.

27. Atkins denies the allegations set forth in Paragraph 27 of the First Amended Complaint.

28. Atkins denies each and every allegation which is not specifically admitted above.

## SECOND DEFENSE

29.     Plaintiff, Yukio Kusada, released Northfield Mount Hermon School, its agents, servants and employees from any and all claims for liability arising out of his participation in the recreational ski program.

## THIRD DEFENSE

30.     Plaintiff, Yukio Kusada, agreed to indemnify Northfield Mount Hermon School, its agents, servants and employees for any injuries sustained, damage caused or claims made as a result of the participation of Yukio Kusada in the recreational ski program at Northfield Mount Hermon School.

## FOURTH DEFENSE

31.     Northfield Mount Hermon School's liability to plaintiff, Yukio Kusada, if any, is limited to $20,000.00 pursuant to G.L. c. 231, § 85K.

## FIFTH DEFENSE

32.     If the plaintiff, Yukio Kusada, was injured or damaged as alleged, the injury or damage was caused in whole or in part by the negligence by Yukio Kusada, which negligence was greater than the negligence of Atkins, if any, which contributed to such injury.

## SIXTH DEFENSE

33.     If plaintiff, Yukio Kusada, was injured or damaged as alleged, such injury or damage was caused in part by the negligence of Yukio Kusada and the damages which Yukio Kusada may recover herein must be reduced in accordance with the law.

## SEVENTH DEFENSE

34. Any injury or damage sustained by Yukio Kusada arose out of the risks inherent with the sport of skiing and thus Atkins is not liable for Yukio Kusada's injuries.

## EIGHTH DEFENSE

35. If plaintiff, Yukio Kusada, was injured or damaged as alleged, such injuries or damage arose out of risks which were assumed by Yukio Kusada and thus cannot be recovered herein.

## NINTH DEFENSE

36. The plaintiff, Yukio Kusada, failed to comply and conform to the provisions and requirements of General Laws ch. 143, and thus cannot recover herein.

## TENTH DEFENSE

37. The plaintiff, Yukio Kusada, had a duty to maintain control of his speed and course at all times and had a duty to avoid collision with any object and thus, Atkins is not responsible for the injuries as alleged in the First Amended Complaint.

## ELEVENTH DEFENSE

38. The plaintiff, Yukio Kusada, assumed responsibility for his own equipment and therefore Atkins has no liability for injuries sustained as a consequence of inadequate or defective equipment.

## RELIEF REQUESTED

WHEREFORE, defendant, Michael Atkins, requests that the First Amended Complaint be dismissed with prejudice and that it be awarded its costs and attorneys fees in defense of this action.

        MICHAEL ATKINS
        By his Attorneys,
        HOLLAND & KNIGHT LLP


        /s/ Harold W. Potter, Jr.
        Harold W. Potter, Jr. (BBO #404240)
        10 St. James Avenue
        Boston, MA  02116
        (617) 523-2700

JURY DEMAND

The Michael Atkins demands a trial by jury in this action.

                            MICHAEL ATKINS

                            By his Attorneys,

                            HOLLAND & KNIGHT LLP

                            /s/ Harold W. Potter, Jr.
                            Harold W. Potter, Jr. (BBO #404240)
                            10 St. James Avenue
                            Boston, MA  02116
Dated: March 23, 2006           (617) 523-2700

**CERTIFICATE OF SERVICE**

    I, Harold W. Potter, Jr., hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 23, 2006.

                            /s/ Harold W. Potter, Jr.
                            Harold W. Potter, Jr.