UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YUKIO KUSADA, </br>    Plaintiff | ) </br> ) </br> ) |
| v. | ) </br> ) |
| BERKSHIRE EAST SKI RESORT, </br> UNION TERMINAL PIERS, INC., </br> NORTHFIELD MOUNT HERMON </br> SCHOOL, FRANCIS MILLARD and </br> MICHAEL ATKINS, </br>    Defendants | ) </br> ) </br> ) </br> ) Docket No. 05-30043-MAP </br> ) </br> ) </br> ) |
| v. | ) </br> ) |
| TAKERU KUSADA, </br>    Third-Party Defendant | ) </br> ) |

ANSWER OF DEFENDANTS BERKSHIRE EAST SKI RESORT
and UNION TERMINAL PIERS, INC. TO FIRST AMENDED COMPLAINT

Now come defendants Berkshire East Ski Resort and Union Terminal Piers, Inc. and for answer to the amended complaint say:

    1.    That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 1 of the amended complaint.

    2.    That they deny the averments set forth in Paragraph 2 of the amended complaint.

    3.    That they admit the averments set forth in Paragraph 3 of the amended complaint.

    4.    That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 4 of the amended complaint.

5. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 5 of the amended complaint.

6. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 6 of the amended complaint.

7. That they admit the averments set forth in Paragraph 7 of the amended complaint.

8. That they deny the averments set forth in Paragraph 8 of the amended complaint.

9. That they admit that on or about February 20, 2004, defendant Union Terminal Piers, Inc. owned, operated and/or maintained the premises; however, they deny the remaining averments set forth in Paragraph 9 of the amended complaint.

10. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 10 of the amended complaint.

11. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 11 of the amended complaint.

12. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 12 of the amended complaint.

13. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 13 of the amended complaint.

14. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 14 of the amended complaint.

15. That they admit that on or about February 20, 2004, the plaintiff, Yukio Kusada, was skiing on the premises but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 15 of the amended complaint.

16. That they are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 16 of the amended complaint.

17. That they deny the averments set forth in Paragraph 17 of the amended complaint.

18. That they deny the averments set forth in Paragraph 18 of the amended complaint.

19. That they deny the averments set forth in Paragraph 19 of the amended complaint.

20. That they deny the averments set forth in Paragraph 20 of the amended complaint.

21. That they deny the averments set forth in Paragraph 21 of the amended complaint.

22. That they deny the averments set forth in Paragraph 22 of the amended complaint.

23. That they deny the averments set forth in Paragraph 23 of the amended complaint.

24. That they deny the averments set forth in Paragraph 24 of the amended complaint.

25. That they need not respond to the averments set forth in Paragraph 25 of the amended complaint since there are no claims therein asserted against them.

26. That they need not respond to the averments set forth in Paragraph 26 of the amended complaint since there are no claims therein asserted against them.

27. That they need not respond to the averments set forth in Paragraph 27 of the amended complaint since there are no claims therein asserted against them.

28. That they deny the averments set forth in Paragraph 28 of the amended complaint.

29. That they need not respond to the averments set forth in Paragraph 29 of the amended complaint.

**AFFIRMATIVE DEFENSES**

30. That if the plaintiff, Yukio Kusada, was injured or damaged as alleged, such injury or damage was caused in whole or in part by the negligence of said plaintiff, which

negligence was greater than the negligence of the defendants, if any, which did contribute to such injury.

31. That if the plaintiff, Yukio Kusada, was injured or damaged as alleged, such injury or damage was caused in part by the negligence of said plaintiff and that the damages which said plaintiff may recover herein must be reduced in accordance with the law.

32. That the complaint fails to state a claim against the defendants upon which relief can be granted and thus must be dismissed.

33. That any injury or damage sustained by the plaintiff arose out of the risks inherent in the sport of skiing and thus the defendants herein are not liable therefore.

34. That if the plaintiff was injured or damaged as alleged, such injuries or damages arose out of risks which were assumed by the plaintiff and thus he cannot recover herein.

35. That the defendants have complied and conformed with the provisions of General Law c. 143, and all rules and regulations promulgated thereunder and thus it is not liable for any injuries or damages sustained by the plaintiff.

36. That the plaintiff, Yukio Kusada, failed to comply and conform with the provisions and requirements of General Law c. 143, and thus cannot recover herein.

37. That the plaintiff, Yukio Kusada, had a duty to maintain control of his speed and course at all times and had a duty to avoid collision with any object and thus the defendants herein are not responsible for the injuries as alleged in the complaint.

38. That this action was not commenced within the time required by the laws made and provided therefore.

DEFENDANTS BERKSHIRE EAST SKI RESORT AND UNION TERMINAL PIERS, INC. DEMAND A TRIAL BY JURY.

Dated: March 28, 2006

>DEFENDANTS BERKSHIRE EAST SKI RESORT and UNION TERMINAL PIERS, INC.
>
>By their attorneys,
>
>/s/ David B. Mongue  
>David B. Mongue  
>BBO No. 351780  
>For Donovan & O'Connor, LLP  
>1330 Mass MoCA Way  
>North Adams, MA  01247  
>Tel.:   (413) 663-3200  
>Fax:   (413) 663-7970  
>dmongue@docatty.com  
>mail@docatty.com

Certificate of Service

I, David B. Mongue, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28, 2006.

> /s/ David B. Mongue

DBM:MGR