UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YUKIO KUSADA,<br>    Plaintiff | )<br>)<br>) |
| vs. | )    Civil Action<br>)    No.: Civil Action No.: 05-30043-MAP<br>) |
| NORTHFIELD MOUNT HERMON<br>SCHOOL, FRANCIS MILLARD and<br>MICHAEL ATKINS,<br>    Defendants | )<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| TAKERU KUSADA<br>    Third Party Defendant | )<br>) |

## MOTION IN LIMINE

Now comes the plaintiff in the above-captioned matter and moves to preclude the defendant from introducing into evidence those portions of the permission slip, attached hereto, containing a signature and those parts that relate to the release and indemnification provisions.

### Background

This case arises from an incident which occurred on February 20, 2004, when plaintiff Yukio Kusada, a student at the Northfield Mount Hermon School, was seriously injured while skiing at Berkshire East ski mountain as part of Northfield Mount Hermon's physical education course, Recreational Skiing. Prior to enrolling the Recreational Skiing course, the plaintiff was required to submit a permission slip which contained release and indemnification provisions, which was to be signed

by the student's parents. A permission slip was submitted on behalf of Mr. Kusada that bears his father's signature.

There is some dispute regarding the authenticity of the signature appearing on the permission slip, with defendants contending that Mr. Kusada forged his father's signature. The plaintiff suffered severe brain damage as a result of the incident and has severe memory impairment. He has testified that he has no memory of signing his father's name and has no memory of his father signing the permission slip. Furthermore, plaintiff's father, who resides in China, was never deposed and it is unknown whether or not he actually signed the permission slip.

In addition to the release and indemnification, the permission slip contains some information about the Recreational Skiing course, such as a recommendation concerning helmet use, which is relevant to the case.

## Argument

Evidence regarding the signature on the permission slip and/or whether plaintiff forged his father's signature on the permission slip is inadmissible and should be redacted if defendant wishes to introduce the document into evidence. Federal Rule Evidence 403 precludes admissibility of evidence if the probative value is substantially outweighed by the danger of unfair prejudice. In the present case, the identity of the signor of the permission slip is unknown. Plaintiff has no memory of signing it and his father was never deposed. Nonetheless, Defendants would like to introduce the signed version of the permission slip in order to show

3

that plaintiff may have forged his father's signature to show that he has poor character for following the rules and for truthfulness. This speculative evidence, if believed by the jury, would be extremely prejudicial. The prejudice created by the introduction of evidence of a possibly forged signature outweighs any probative value it might have.

Further, Federal Rule of Evidence 608(b) states, "Specific instances of the conduct of the witness, for the purpose of attacking or supporting the witness' character for truthfulness... may not be proved by extrinsic evidence." Defendant's contention that the plaintiff forged his father's signature on the permission slip is, if true, a specific instance of plaintiff's conduct which defendant would like to use to show that plaintiff has poor character for abiding by rules and truthfulness and, pursuant to Rule 608(b), the signature should be inadmissible.

Additionally, the release and indemnification provisions must be precluded, as those portions of the permission slip will unnecessarily confuse and mislead the jury. Fed. R. Evidence 403 states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury..." In this case, the release and indemnification provisions will likely mislead the jury into believing that the plaintiff did not have the right to bring this case or that plaintiff's father will have to pay any damages awarded. Moreover, the release and indemnification provisions have no probative value on the negligence claims in this case.

4

Furthermore, Rule of Evidence 411, states that "Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." "The fact that that the insurer is not an insurance company should not preclude Rule 411's protection when the indemnity agreement serves the same purpose as liability insurance." *Matosantos Commercial Corp. v. SCA Tissue North America*, LLC., 369 F.Supp.2d 191 (D. Puerto Rico 2005). In the present case, the portion of the permission slip where plaintiff's father purportedly indemnifies defendants is akin to insurance for the defendants, and as such, is precluded by Rule 411.

Finally, such an indemnification provision is not even enforceable under Massachusetts law, if as defendants contend, it was forged by the plaintiff. *Transamerica Premier Ins. Co. v. Electro Maintenance and Service Corp.* 1 Mass. L. Rep. 639 (1994) ("An indemnification agreement will not be enforced, however, against an individual whose signature was obtained by fraud"). The indemnification provision is not relevant, is likely to confuse and mislead the jury, and should be precluded.

5

By His Attorneys
BREAKSTONE, WHITE-LIEF & GLUCK, P.C.

RONALD E. GLUCK
BBO #196950
Two Center Plaza
Suite 530
Boston, MA 02108-1906
(617) 723-7676

### Certificate of Service

I, Ronald E. Gluck, of Breakstone, White-Lief & Gluck, P.C., hereby certify that on this date I served a copy of the within pleading by mailing a copy of same, postage prepaid, to:

Harold W. Potter, Jr.
Holland & Knight, LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116

October 24, 2006

Ronald E. Gluck