UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YUKIO KUSADA,<br>    Plaintiff,<br><br>v.<br><br>BERKSHIRE EAST SKI RESORT, UNION TERMINAL PIERS, INC.,<br>    Defendants,<br><br>and<br><br>NORTHFIELD MOUNT HERMON SCHOOL, FRANCIS MILLARD AND MICHAEL ATKINS<br>    Defendant and<br>    Third-Party Plaintiff,<br><br>v.<br><br>TAKERU KUSADA,<br>    Third-Party Defendant. | Civil Action No. 05-30043-MAP |

## DEFENDANTS NORTHFIELD MOUNT HERMON SCHOOL, FRANCIS MILLARD AND MICHAEL ATKINS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants Northfield Mount Hermon School ("NMH"), Francis Millard ("Millard") and Michael Atkins ("Atkins") (collectively the "NMH parties") move for summary judgment on the claims asserted by Plaintiff Yukio Kusada ("Kusada").

This lawsuit arises out of a tragic skiing accident which occurred on February 20, 2004 while Kusada was participating in a Recreational Ski Program which had been offered by the NMH parties to their students for over 30 years. Kusada skied off a trail and into a tree. According to Kusada, his accident was caused by the failure of the NMH parties to require that he wear a helmet, to inspect his skis or to provide or mandate ski lessons. As is more fully set

out in the accompanying Memorandum, Kusada's claims of negligence must fail on the basis of the undisputed material facts in the summary judgment record.

A plaintiff asserting a negligence claim bears the burden of proving (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; (3) causation; and (4) actual loss by the plaintiff. Summary judgment in favor of a defendant is appropriate if proof of any one of these essential elements is unlikely to be forthcoming at trial. Here, Kusada cannot meet his burden of establishing causation or the existence of a legal duty.

First, causation cannot be established by Kusada. No one can explain how or why Kusada's unfortunate skiing accident occurred. Kusada himself does not remember what happened, there were no eyewitnesses to the accident and Kusada's experts, even if qualified, lack a nucleus of facts about how the accident occurred upon which to base their opinions. Second, Kusada has failed to meet his burden of establishing that the NMH parties owed him a legal duty that would have required them to ensure that he wore a helmet, to inspect his skis or to provide or mandate ski lessons. The existence of a duty is a question of law which is determined by existing social values, customs and social policies. There is no evidence in the summary judgment record to indicate that existing social values, customs and social policies among private secondary schools in New England offering recreational ski programs in 2004 required the NMH parties to mandate that Kusada wear a helmet while skiing, to inspect Kusada's ski equipment for appropriateness to his level of ability, or to require and mandate that Kusada take lessons before skiing. Accordingly, the NMH parties are entitled to judgment as a matter of law on Kusada's claims of negligence.

In support of their Motion, the NMH parties respectfully refer this Court to their Memorandum in Support of Defendants' Motion for Summary Judgment, their Statement of

Undisputed Material Facts, Affidavit of Harold W. Potter, Jr., Affidavit of Francis Millard, Affidavit of Michael Atkins and Affidavit of Jasper E. Shealy, all filed herewith.

NORTHFIELD MOUNT HERMON SCHOOL
FRANCIS MILLARD and MICHAEL ATKINS

By its Attorneys,

HOLLAND & KNIGHT LLP

_/s/ Harold W. Potter_
Harold W. Potter, Jr. (BBO #404240)
Benjamin M. McGovern (BBO #661611)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: November 27, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 27, 2006, via first class mail.

_/s/ Harold W. Potter_
Harold W. Potter, Jr.

# 4204337_v1